UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|                              |   |                        |
|------------------------------|---|------------------------|
| CHRISTIAN BARJUCA and        | ) |                        |
| VICKI BARJUCA,               | ) |                        |
|                              | ) | Civil Case No.         |
| Plaintiffs,                  | ) | 5:11-cv-380-JMH-REW    |
|                              | ) |                        |
| v.                           | ) | **MEMORANDUM OPINION** |
|                              | ) | **AND ORDER**          |
| STATE FARM FIRE AND          | ) |                        |
| CASUALTY COMPANY,            | ) |                        |
|                              | ) |                        |
| Defendant.                   |   |                        |

***

This matter is before the Court upon Defendant's Motion for
Summary Judgment. [D.E. 18]. Plaintiff has filed a Response
[D.E. 28], and Defendant filed its Reply. [D.E. 31]. This matter
being fully briefed, and the Court being otherwise sufficiently
advised, it is now ripe for the Court's review.

**I. Procedural Background**

Plaintiffs, Christian and Vicki Barjuca, owned a home at
102 Wind Ridge Road in Nicholasville, Kentucky. [D.E. 1-1 at 2].
On August 4, 2009, a lightning strike caused a gas line in the
home to rupture, starting a fire in the Barjuca home. [D.E. 34-2
at 3-5; 35-1 at 5]. The fire caused extensive damage. Plaintiffs
held a homeowners insurance policy with Defendant State Farm
Fire & Casualty Company. [D.E. 18-11, 18-12, 18-13]. Pursuant
to the policy, State Farm covered the cost to repair the home,

albeit after a lengthy dispute, and living expenses during reconstruction of the home. *See* [D.E. 18-4 at 6-7]. Plaintiffs do not dispute that State Farm has met its obligations under the policy for repairing the home and for paying living expenses. [D.E. 34-6 at 6-7; 35-1 at 12-13].

After the fire, Servpro, a restoration company, came to the Barjuca residence in an attempt to mitigate the damage. [D.E. 34-4 at 1-2]. This included water and smoke mitigation efforts, as well as packing up personal property and storing it in a Servpro warehouse. *Id.* Plaintiffs were allowed to visit the Servpro warehouse to inventory the personal property contained in the boxes [D.E. 34-6 at 10; 35-2 at 1] but contend that they could not discover the true nature of the damage to the stored items until they moved back into their home. [D.E. 34-7 at 7-10; 35-2 at 1-2]. Plaintiffs moved back into their home eighteen months after the fire. [D.E. 34-3 at 1]. Plaintiffs and Defendant disagree about the damage to items of personal property and the amount which Plaintiffs are owed under the policy, prompting Plaintiffs to file this suit.

Plaintiffs filed their Complaint in Jessamine Circuit Court on August 3, 2011, asserting claims for breach of contract and bad faith against State Farm, as well as various claims against the manufacturer and installer of the alleged faulty gas line. [D.E. 1-1]. The Jessamine Circuit Court severed the claims

against State Farm from the product liability claims. [D.E. 1-3 at 6]. Defendant then removed the action to this Court. [D.E. 1]. The Court construed a section of the parties' joint status report as a joint motion to bifurcate Plaintiffs' contract claims from Plaintiffs' bad faith claims, and granted that motion. [D.E. 7]. Thus, discovery on the bad faith claims was stayed, and the parties were ordered to conduct discovery on the breach of contract claims. Defendant now moves for summary judgment on the breach of contract claim and the bad faith claim.

Defendant asserts that summary judgment should be granted because Plaintiffs filed their claims outside the one-year limitations period contained within the insurance policy. [D.E. 18-1 at 8-11]. Plaintiffs contend the one-year limitations period within the policy should not be enforced because the one year period is unreasonable, the contractual limitations period should be excused due to impossibility of performance, and that State Farm should be equitably estopped from asserting the limitations period as a defense. [D.E. 28 at 4].

## II. Standard of Review

A motion for summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment the inferences to be

drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Analysis

The one-year contractual limitations period is reasonable and is neither excused through impossibility of performance, nor is State Farm estopped from asserting it as a defense. Therefore, summary judgment for Defendant on the breach of contract claim is appropriate.

Plaintiffs first contend that the one-year contractual limitations period should not be enforced because it is unreasonable. [D.E. 26 at 4]. Defendant claims that the provision is reasonable because a long line of Kentucky cases have upheld similar one-year contractual limitation periods in insurance contracts. [D.E. 31 at 3-4].

"As a general rule, the construction and legal effect of an insurance contract is a matter of law for the court." *Bituminous Cas. Corp. v. Kenway Contracting, Inc.*, 240 S.W.3d 633, 638 (Ky.

2007) (citations omitted). An insurance contract "must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract." *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226 (Ky. 1994). "In Kentucky, there is no statute proscribing contractual shortening of limitations periods. In fact, there is a provision in the Insurance Code, KRS 304.14-370, which allows foreign insurers to limit actions against them to one year." *Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17, 18 (Ky. Ct. App. 1978). "In addition to the code provision, there is a solid line of case law in Kentucky that upholds the validity of contractual terms that provide for shorter limitation periods than the general statute of limitations." *Id.* at 19. If the insurer includes a shorter limitations period, it will only be enforced if it is "reasonable and not otherwise prohibited by statute." *Brown v. State Auto*, 189 F. Supp. 2d 665, 668-69 (W.D. Ky. 2001) (citing *Webb*, 577 S.W.2d at 18-19); *see also Hobbs v. Am. Sec. Ins. Co.*, No. 3:08-cv-471-TBR, 2009 WL 366325, at *2 (W.D. Ky. Feb. 13, 2009) (citations omitted) ("Under the Sixth Circuit's understanding, the only way a limitations clause would be unenforceable under Kentucky law would be if it did not leave the insured a reasonable time in which to sue."). If the one year limitation period within the contract is reasonable,

Defendant's motion for summary judgment must be granted. If the one-year limitation period is unreasonable, the Court must apply the fifteen year statute of limitations governing contracts, and Defendant's motion for summary judgment must be denied. *See Brown v. State Auto*, 189 F. Supp. 2d at 668 ("[I]f the two year contractual limitation in the policy is reasonable, the Plaintiff's complaint is time barred and must be dismissed. If the limitation is unreasonable, the fifteen year statute of limitations governing actions on written contracts applies and the Plaintiff's claims may proceed."); *see also* KRS 413.090(2) (establishing a fifteen year limitation period for written contracts).

Kentucky courts have consistently upheld one year contractual limitations periods in insurance policies as reasonable. *See Edmonson v. Penn. Nat'l Mut. Cas. Ins. Co.*, 781 S.W.2d 753 (Ky. 1989) ("[T]here is no question in this case as to the validity of the limitation provided in the conditions of the policy."); *Webb*, 577 S.W.2d 17 (upholding as reasonable a one year contractual limitation in a homeowner's policy); *Hale v. Blue Cross & Blue Shield of Ky., Inc.*, 862 S.W.2d 905, 907 (Ky. Ct. App. 1993) ("[O]ne year from the date of filing a medical claim is not unreasonable."); *see also Elkins v. Ky. Farm Bureau Mut. Ins. Co.*, 844 S.W.2d 423, 424 (Ky. Ct. App. 1992) ("[T]he rights under a fire insurance policy can be

ascertained on the date of the loss or soon thereafter, and one year is not an unreasonably short time to require that a suit be commenced."). Plaintiffs contend that the one-year limitation is not reasonable because they did not become aware that the damage to the personal property had not been repaired until after the one-year limitation period had passed. *See* [D.E. 28-2 at 4] ("As we began moving boxes of personal property into the newly repaired residence, it became obvious that the vast majority of the items were irreparably damaged due to the retained smell of smoke.").

Plaintiffs' assertions that they could not discover the damage to the personal property is undercut by the fact that they were given opportunities to inspect the property, both personally and by their agent, Mr. Howarth, well within the one-year limitations period. [D.E. 34-6 at 10; 35-2 at 1; 34-8 at 3]. Both Christian Barjuca, [D.E. 34-6 at 10], and Vicki Barjuca, [D.E. 35-2 at 1], gave deposition testimony that they went to the Servpro warehouse to inventory and inspect the property to determine what items of personal property were damaged. Christian Barjuca further testified to the following:

Q: Mr. Barjuca, I've showed you three – three copies that look like similar formats. . . . Now, I think you were telling – about to tell me that Mr. Howarth and his company prepared these?

A: Yes.

. . .

Q: So did they actually go the storage place and
inventory –

A: Yeah, they – they did both. They – they came to the
house, and they went to the storage place at Servpro.

[D.E. 34-8 at 2-3]. Thus, Plaintiffs and Plaintiffs' agent, Mr.
Howarth, were allowed to inspect the personal property for
damage within the one-year contractual limitations period.
Plaintiffs cannot now assert that they had no opportunity to
discover the damage to the property when the evidence shows they
inspected the personal property within the contractual
limitations period.

Furthermore, some of the personal property for which
Plaintiffs believe they should be compensated was not even
stored in the Servpro warehouse and remained in their control
throughout the dispute. Christian Barjuca stated during his
deposition:

A: Yes. One of his employees named Aaron came to the
house specifically for the purpose of inventorying
everything that was affected by the fire.

Q: Okay.

A: A lot of this stuff was up in the attic. These were
the things that were not taken to Servpro.

[D.E. 34-8 at 2]. Plaintiffs cannot claim they could not
discover the damage when the property remained in their home.

Additionally, a review of the correspondence from State
Farm to Plaintiffs reveals that the dispute over personal

property arose within one-year of the date of loss. On December 9, 2009, Jeffrey Lykins, Plaintiffs' State Farm agent, sent a letter to Plaintiffs asking to inspect the additional items of personal property claimed and informing Plaintiffs that "[c]ertain items that you have claimed for replacement have been cleaned or restored and we need to determine if the repairs were successful or if additional cleaning is warranted or if the item needs to be replaced." [D.E. 18-8]. This letter indicates that as early as December 2009 State Farm showed hesitance to fully replace personal property it believed had been restored.

On April 23, 2010, Lykins wrote to Plaintiffs enclosing payment for the cleaning and restoration of clothing and additional personal property, and that "[i]n this situation all information indicates that the clothing has been repaired." [D.E. 18-9]. This letter makes clear that State Farm believed the clothing, for which Plaintiffs claim they should be compensated, was repaired in April 2010. [D.E. 34-7 at 7].

Furthermore, in discussing the December 9, 2009 letter, Plaintiff Christian Barjuca testified to the following:

> Q: Now as you worked through the personal property claim, were there some items, whether it be clothing or furniture that you discussed – all right, does this – was it adequately cleaned, or does it still smell like smoke, or does it need to be replaced?
>
> A: Yeah, we had a lot of discussions along those lines.

[D.E. 34-7 at 8]. Thus, Plaintiffs knew, at the latest, in April 2010, almost four months before the expiration of the one-year contractual limitations period, that State Farm was contending they had adequately repaired much of the personal property. Plaintiffs had almost four months to inspect the property and ensure that it had been adequately repaired before the expiration of the limitations period.

Furthermore, according to Plaintiff Vicki Barjuca, Lykins warned Plaintiffs that the contractual limitation period for bringing suit was close to expiring and all of the letters sent to Plaintiffs included notice of the one-year limitation period. [D.E. 35-2 at 1-2] ("I remember Jeff saying that we were getting near the expiration of, you know, trying to make claims, like we had to say if things were broken or not. . . . And we really couldn't determine that until we were back in the house again after eighteen months."); [D.E. 18-6 at 3; 18-7 at 3; 18-8 at 3; 18-9; 18-10 at 4; 34-45 at 3; 34-64 at 3; 34-65 at 3].

Based upon a review of the facts, Plaintiffs were aware State Farm believed they had repaired the property within the one-year contractual limitations period. Plaintiffs had access to the personal property, as is evidenced by their deposition testimony, and could have asked to inspect the repaired property before the expiration of the one-year limitations period. Additionally, through correspondence with State Farm, Plaintiffs

were continually reminded of the one-year contractual limitations period.

While the Court recognizes that this creates a situation where future insureds may be forced to file a protective suit, based on the possibility the insurer will not agree with the insured's assessment of damage, the Court is bound by Kentucky precedent and how the Court believes the highest Kentucky court would rule. *See In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) ("In applying state law, we anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court."). Kentucky courts have consistently upheld a one-year contractual limitations period, and have even found that Kentucky has a policy favoring the shortening of the limitations period. *Webb*, 577 S.W.2d at 18 ("[W]e are of the opinion that a statutory provision which allows an insurer to limit an action against it certainly indicates that the public policy of Kentucky favors such limitations."). The Plaintiffs were given adequate opportunity within the year from the date of loss to determine what personal property items were damaged and whether or not those items had been properly repaired. Thus, the Court finds that the one-year limitation is reasonable and the Plaintiffs' claim is barred by the expiration of the limitations period.

Plaintiffs ask the Court to rely on *Riggs v. State Farm Automobile Insurance Company*, a recent decision handed down by the Kentucky Court of Appeals. No. 2012-CA-354-MR, 2013 WL 3778143 (Ky. Ct. App. July 19, 2013). The Court notes, and Defendant is quick to point out, [D.E. 31 at 2], that this is not a final opinion, and, therefore, is not binding precedent on this Court.

The Court does not find *Riggs* to be persuasive. The *Riggs* court applied the fifteen year statute of limitations, in part, because the contractual limitation clause "might very well require the insured . . . to bring suit against his insurer before discovering whether the tortfeasor is uninsured or underinsured." *Riggs*, 2013 WL 3778143, at *4. Plaintiffs contend that the one-year limitation is unreasonable because they had two years to sue the tortfeasor alleged to have manufactured the faulty gas line and only one year to sue State Farm. Thus, under *Riggs*, Plaintiffs contend, the contractual limitation period is unreasonable because it forced them to sue State Farm before the alleged tortfeasor. [D.E. 28 at 5].

The *Riggs* decision is not applicable to the case at bar. The *Riggs* decision involves uninsured/underinsured motorist coverage, not a homeowner's policy. Unlike a homeowner's policy, the determination of whether a tortfeasor is uninsured or underinsured, through a suit governed by a two-year statute of

limitations, will impact the insurer's liability in a separate suit, governed by a one-year contractual limitations period. In the case at bar, whether or not the alleged tortfeasor manufactured a faulty gas line has no bearing on State Farm's liability under the homeowner's policy issued to the Barjucas. Thus, the Court does not find the reasoning of *Riggs* applicable to the case at bar, and the one-year contractual limitations period is reasonable.

Plaintiffs next contend that even if the contractual period is reasonable, it should not be enforced due to the doctrines of impossibility of performance and equitable estoppel. Impossibility of performance will excuse a party from performance of a contract

> [w]here from the nature of the contract and the surrounding circumstances the parties from the beginning must have known that it could not be fulfilled unless when the time for fulfillment arrived, some particular thing or condition of things . . . exist(s) so that they must be deemed, when entering into the contract to have contemplated such . . . existence as the foundation of what was to be done; in the absence of any express or implied warranty that such thing or condition of things shall exist the contract is to be construed as subject to an implied condition that the parties shall be excused in case, before breach, performance becomes impossible . . . without default of either of the parties. . . . An event which substantially frustrates the objects contemplated by the parties when they made the contract excuses nonperformance of the contract. In such a case it is sometimes said that the foundation of the contract is gone.

*Horn v. Ranier*, 560 S.W.2d 233, 235 (Ky. Ct. App. 1977) (quoting *Straus v. Kazemekas*, 124 A. 234, 238 (Conn. 1924)). Plaintiffs contend that it was impossible to comply with the one-year contractual limitations period because Plaintiffs "did not have access to the bulk of their personal property until months after the one-year contractual period" ended and that the "situation was caused by State Farm's failure to negotiate in good faith with Barjuca on the structural damage claim." [D.E. 26 at 6]. Defendant counters by arguing that Plaintiffs elected to keep their personal property in storage, despite being able to inspect the property and being informed of the contractual limitations period in multiple letters. [D.E. 31 at 5].

Plaintiffs' argument that filing suit within the one-year contractual limitation period was impossible is unavailing. Plaintiffs' argument is founded upon the fact that they claimed they did not discover many of the damaged items until they moved back into the home and unpacked, more than a year after the loss was incurred. However, Plaintiffs were allowed to inspect the property while it was located in the Servpro warehouse. [D.E. 34-6 at 10; 35-2 at 1]. Additionally, in discussing forms prepared by Mr. Howarth, Plaintiffs' private insurance adjuster, Mr. Barjuca testified that in inventorying the property Mr. Howarth's company "came to the house, and they went to the storage place at Servpro." [D.E. 34-8 at 3]. Thus, both

Plaintiffs and their agent were allowed to inspect the personal property while it was being stored in the Servpro warehouse.

Mr. Barjuca testified that Plaintiffs were allowed to inspect the items stored at Servpro within a week. [D.E. 34-6 at 10]. Three personal property inventory forms prepared by Mr. Howarth's company, are dated, respectively, March 1, 2010, March 8, 2010, and March 9, 2010. [D.E. 34-55; 34-59; 34-60]. Therefore, both Plaintiffs and their agent were given an opportunity to inspect the damaged personal property well within the one-year contractual limitation period. Furthermore, some of the items Plaintiffs claim they should be compensated for were not even put into storage by Servpro. [D.E. 34-8 at 2] ("A lot of this stuff was up in the attic. These were the things that were not taken to Servpro."). Therefore, Plaintiffs were given adequate opportunity to inspect the property for damage, and their argument that it was impossible to comply with the one-year limitations period must fail.

Plaintiffs' impossibility of performance argument seems to rely on the fact that it was cumbersome to search through all of the boxes while in storage. *See* [D.E. 35-2 at 2] ("Because you have to understand, from a 5,000 square foot house in a box to categorize, I mean it's not like they just set it up nicely so you could look at it. I mean it's, you know, hundreds of boxes. Digging through, you know."). There is "a well-established

principle of law that one party to a contract may demand performance although it has become more difficult or onerous to the other party and probably worthless to the one demanding it." *Swiss Oil Corp. v. Riggsby*, 67 S.W.2d 30, 33 (Ky. 1933) (citations omitted). Although the Court recognizes that the stored personal property may have been difficult to inspect, that is simply not enough for the Court to find that Plaintiffs could not comply with the one-year contractual limitations period.

Plaintiffs third argument, that State Farm is equitably estopped from relying on the contract between the parties, similarly fails. [D.E. 26 at 8]. As grounds for the application of equitable estoppel, Plaintiffs assert that "State Farm's conduct in delaying in [sic] the negotiations on the structural damage claim led directly to the impossibility of Barjuca in being able to analyze the existence and extent of damage to their personal property." [D.E. 26 at 8].

"In order to prevail on a theory of estoppel, there must be proof not only of an intent to induce inaction on the party to be estopped, but also of reasonable reliance by the party claiming the estoppel." *Gailor v. Alsabi*, 990 S.W.2d 597, 604 (Ky. 1999) (citing *Adams v. Ison*, 249 S.W.2d 791, 793 (Ky. 1952)). Equitable estoppel has been applied to keep insurance companies from applying the statute of limitations agreed to in

the insurance policy. *See, e.g.*, *Hitachi Auto. Prods. USA, Inc. v. Craig*, 279 S.W.3d 123 (Ky. 2008) (holding that equity estopped an employer from asserting a limitations defense because the insurance carrier failed to comply with Kentucky statute). "Older Kentucky cases hold that insurance settlement negotiations do not toll the limitations period or estop a carrier from asserting a limitations defense unless the carrier makes a false promise to settle the claim or engages in other misleading behavior that reasonably induces a tardy filing." *Hitachi Auto. Prods.*, 279 S.W.3d at 126 (citations omitted). Kentucky courts have "emphasized . . . that the real inquiry should be whether the party against whom the statute was asserted was justified in relying upon the representations and activities of the insurance adjuster in delaying filing suit until time had run out." *Carroll Cnty. Mem'l Hosp. v. Yocum*, 489 S.W.2d 246, 248 (Ky. 1972) (citing *Miller v. Thacker*, 481 S.W.2d 19 (Ky. 1972)) (finding estoppel appropriate where the insurer agreed to waive the statute of limitations for a reasonable time); *see also Miller v. Thacker*, 481 S.W.2d 19 (Ky. 1972) (holding that insurer was estopped from asserting a limitations defense where the insurer made several misrepresentations to plaintiff); *Cuppy v. Gen. Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629 (Ky. 1964) (refusing to apply equitable estoppel when the insurance agent stated "they would take care of

everything"); *Pospisil v. Miller*, 343 S.W.2d 392 (Ky. 1961) (finding that estoppel did not apply based upon the insurance agent's representations that settlement would be reached after plaintiff had received all of her bills and physically recovered); *Jackson v. Jackson*, 313 S.W.2d 868 (Ky. 1958) (holding that estoppel did not apply when the insurance company told plaintiff it was not necessary to institute a civil action because she had already filed a claim with the insurance company).

State Farm is not estopped from asserting the limitations defense because Plaintiffs have asserted no misleading behavior by State Farm on which it would have been reasonable for Plaintiffs to rely. *See Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) ("There is no evidence that Allstate lulled the Smiths into inaction by promising to pay their claim."). Rather, than attempt to mislead Plaintiffs, the State Farm agent handling Plaintiffs' claims, Jeffrey Lykins, warned Plaintiffs that the one-year limitations period was about to expire. Vicki Barjuca testified in her deposition that:

> [w]e were – I remember Jeff saying that we were
> getting near the expiration of, you know, trying to
> make any claims, like we had to say if things were
> broken or not. . . . So you know, I just remember his
> saying, you know, if you – you'd better make sure that
> nothing's broken, nothing's you know, damaged, that
> kind of thing. And we really couldn't determine that
> until we were back in the house again after eighteen

> months. And really even still then it took – it took
> months to go through those boxes.

[D.E. 35-2 at 1-2]. Furthermore, notice of the one-year limitations period was included in all transmissions from State Farm to Plaintiffs that have been filed with this Court. *See* [D.E. 18-6 at 3; 18-7 at 3; 18-8 at 3; 18-9; 18-10 at 4; 34-45 at 3; 34-64 at 3; 34-65 at 3]. Equitable estoppel does not apply because State Farm did not make representations or engage in any behavior that would have caused Plaintiffs to reasonably allow the statute of limitations to lapse.

Finally, Plaintiffs argue that there is an ambiguity in the insurance policy that should keep the Court from applying the one-year limitations period in the policy. [D.E. 26 at 7]. Plaintiffs claim an ambiguity is created because Coverage B, personal property, provides that "if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation." [D.E. 23-2 at 8]. Thus, according to Plaintiffs, because there is a two-year provision for repair or replacement in the section governing insurance claims and a one-year limitation period on bringing suit, an ambiguity exists and the Court should apply the doctrine of reasonable expectations. Defendant claims that the limitations period is unambiguous, and an ambiguity cannot be created by an unrelated policy provision. [D.E. 31 at 6-7].

"If the contract has two constructions, the one most favorable to the insured must be adopted. If the contract language is ambiguous, it must be liberally construed to resolve any doubts in favor of the insured." *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984) (citations omitted). In the event of an ambiguity, the doctrine of reasonable expectations directs the Court to interpret the ambiguous terms "in favor of the insured's reasonable expectations." *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003) (quoting Black's Law Dictionary 1273 (7th ed. 1999)).

Our sister court has previously discussed an argument similar to the one made by Plaintiffs. In *Teske v. State Farm Fire & Casualty Company,* the Western District of Kentucky found that the doctrine of reasonable expectations should not be applied to the same one-year contractual limitations policy language because the "provision is not ambiguous and Kentucky courts routinely uphold these types of provisions." No. 3:08-cv-514-H, 2009 WL 4254583, at *3 (W.D. Ky. Nov. 25, 2009); *see also Hobbs v. Am. Sec. Ins. Co.*, No. 3:08-cv-471-TBR, 2009 WL 366325, at *3 (W.D. Ky. Feb. 13, 2009) (finding the same policy language at issue in this case to be "unambiguous").

Like our sister court, the Court finds that the one-year contractual limitations period is unambiguous. The policy, in a section titled, "Suit Against Us," and written in bold typeface,

states that "[t]he action must be started within one year after the date of loss or damage." [D.E. 18-12 at 10]. The Court cannot find any ambiguity in this section or the language contained within this section, and, therefore, the reasonable expectations doctrine does not apply.

Plaintiffs' Complaint also asserts a claim alleging that State Farm acted in bad faith when denying their claims. [D.E. 1-1 at 8-9]. The Court previously granted the parties' construed joint motion to bifurcate the contract claim from the bad faith claim and stayed discovery on the bad faith claim. [D.E. 7]. Defendant asks this Court to rule as a matter of law that Plaintiffs cannot set forth a bad faith claim. However, the Court has stayed discovery on the claim, and, therefore, there is no evidence with which the Court may make this determination.

The Court also cannot find that the bad faith claim must fail due to the breach of contract claim being time-barred. The reasoning for this finding has been previously set out by this Court.

> Here . . . there is an insurance policy and there has been no finding that Allstate was not obligated to pay the [plaintiffs'] claim under the express provisions of the policy. A finding that the claim is now time barred does not preclude the [plaintiffs] from arguing that Allstate indeed 1) had an obligation to pay the claims under the terms of the policy; 2) denied the claim without a reasonable basis; and 3) either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

21

*Tennant v. Allstate Ins. Co.*, No. 04-cv-54-, 2006 WL 319046, at
*8 (E.D. Ky. Feb. 10, 2006) (citations omitted). Exactly like in
*Tennant*, the Court has only found that the Plaintiffs' breach of
contract claim is procedurally barred. There has been no
determination that State Farm did not have an obligation to pay
the claims under the policy. Thus, Plaintiffs may still be able
to succeed on their breach of contract claim.

Additionally, the Court notes that the breach of contract
claim does not accrue at the same time as the bad faith claim;
therefore, the Court cannot find that the bad faith claim is
time barred. "[A] claim cannot accrue until the last even[t]
necessary to create the cause of action occurs. Obviously, with
a bad faith claim such as the [plaintiffs'] in which the
allegation is that the insurance company *wrongfully denied* an
insured's claim, the claim cannot accrue until the denial."
*Tennant*, 2006 WL 319046, at *3 (citations omitted). Kentucky
statute provides that:

> [n]o conditions, stipulations or agreements in a
> contract of insurance shall deprive the courts of this
> state of jurisdiction of actions against foreign
> insurers, or limit the time for commencing actions
> against such insurers to a period of less than one (1)
> year from the time when the cause of action accrues.

KRS § 304.14-370. Thus, under Kentucky statute, and because a
bad faith claim alleging wrongful denial cannot accrue until the
alleged wrongful denial, Plaintiffs have one year from the

denial of the claim in which to file their suit. Based upon the discovery provided to the Court on the breach of contract claim, the Court cannot determine when the claim was denied. Thus, Plaintiffs may maintain their bad faith claim at this time.

## IV. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Defendant's Motion for Summary Judgment [D.E. 18] be, and the same hereby is, **GRANTED IN PART**, in so far as Plaintiffs' claim for breach of contract must be dismissed, and **DENIED IN PART**, in so far as Plaintiffs' claim of bad faith is not dismissed;

(2) that Plaintiffs' breach of contract claim be, and the same hereby is, **DISMISSED WITH PREJUDICE;**

(3) that Defendant's Motions in Limine [D.E. 22] be, and the same hereby are, **DENIED AS MOOT.**

This the 17th day of December, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge